

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1104 | DATE | June 7, 2001 |
| CASE TITLE | *Centagon, Inc., et al. vs. Michael F. Sheahan* | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants defendant's motion to dismiss plaintiff's complaint [7-1]. The case is dismissed with prejudice as the court lacks original subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| ✓ | Notified counsel by telephone. | | JUN - 8 date docketed | 30 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUN -7 PM 5: 43 | | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

| | |
|---|---|
| CENTAGON, INC., PENDERYN LTD., VALERIE CAMPBELL, and JEANNE MARIE DANA, | **DOCKETED** JUN - 8 2001 |
| Plaintiffs, | |
| v. | Case No. 00 C 1104 |
| MICHAEL F. SHEAHAN, as the SHERIFF OF COOK COUNTY, ILLINOIS, | Judge James H. Alesia |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Before the court is defendant Michael F. Sheahan's motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court grants the motion to dismiss.

## I. BACKGROUND

Plaintiffs Centagon, Incorporated ("Centagon"), Penderyn, Limited ("Penderyn"), Valerie Campbell ("Campbell") and Jeanne Marie Dana ("Dana") (collectively "plaintiffs") bring this diversity action against defendant Michael F. Sheahan ("Sheahan") in his official capacity as the Sheriff of Cook County. Centagon and Penderyn are Delaware corporations with their principal places of business in New York. Campbell is a citizen of New York; Dana is a citizen of Florida. Sheahan, Sheriff of Cook County, is a citizen of Illinois. The amount in controversy exceeds $75,000. Thus, plaintiffs allege that this court has original subject matter jurisdiction

pursuant to 28 U.S.C. § 1332(a). This action arises out of the eviction of plaintiff Campbell from her condominium. The complaint alleges the following facts which, for purposes of ruling on this motion, are to be taken as true.

Campbell was the beneficial owner of a condominium (the "unit") in a residential building located at 1212 North Lake Shore Drive in Chicago, Illinois. The building is owned by 1212 Lake Shore Drive Condominium Association (the "Association"). All plaintiffs owned various personal property which was kept in the unit. The majority of this property was valuable furniture, artwork, antiques, and clothing. In 1997, Campbell and the Association had a dispute regarding an assessment owed to the Association in the amount of approximately $4,000. When the assessment went unpaid, the Association initiated an action in the Circuit Court of Cook County. In that state court action, the Association sought to obtain a monetary judgment and to foreclose a possessory lien against the unit. During the state court proceeding, Campbell was represented by counsel. Judgment was entered in that state action in favor of the Association, and on June 9, 1997, an "Amended Order for Possession" was entered by the state court judge which entitled the Association to $3,901.54 in damages, over $2,000 in attorneys' fees, and possession of the premises. The enforcement of this order was stayed until August 8, 1997. Moreover, Campbell and her attorneys sought a further extension, and the enforcement of the possessory judgment was further stayed until November 8, 1997.

On February 25, 1998, Sheahan – through his deputies – arrived at 1212 North Lake Shore Drive in order to effectuate the state court order for possession. Judy Harris ("Harris"), the president of the Association, and Scott Herkert ("Herkert"), a member of the management

2

company, allowed the deputies to enter the building. The deputies proceeded to the unit and forcibly entered it. Neither Campbell nor any of the plaintiffs or their agents was present at the unit on February 25, 1998. In their complaint, plaintiffs allege that the property was removed at the direction of Harris and/or Herkert. Upon entering the unit, the deputies removed portions of the personal property from the unit and placed it on the street. Neither the deputies nor the Association took any steps to secure the property once it was removed from the unit. However, the deputies noted on their eviction worksheet that several people on the street were looking at the property which was removed from the unit. Most of the property that was removed and placed on the street was subsequently stolen or damaged.

As a result of this loss of property, plaintiffs have filed a four-count complaint against Sheahan in his official capacity as Sheriff of Cook County. Count I alleges that Sheahan was negligent in allowing personal property to be lost or stolen, and therefore acted outside the scope of his authority. Count II alleges that, because Sheahan knew that he was only to deliver possession of the property to the Association and that pedestrians were checking out the removed personal affects, Sheahan had a special duty to safeguard that personal property and that he breached that duty. Count III alleges that Sheahan acted with conscious disregard for the safety of plaintiffs' personal property. Count IV alleges that Sheahan was an agent of the Association and, therefore, is liable for breach of contract and breach of fiduciary duty owed by the Association to plaintiffs.

Sheahan has moved to dismiss plaintiffs' complaint contending that (1) claims against Sheahan in his official capacity are barred by the Eleventh Amendment; (2) alternatively, the

3

Court of Claims has exclusive jurisdiction over claims against the Sheriff; and (3) plaintiffs have failed to state a claim upon which relief can be granted. The court addresses these arguments below.

## II. DISCUSSION

### A. Standard for deciding a Rule 12 (b) (6) motion to dismiss

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all well-pleaded, factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *Szumny v. Am. Gen. Fin. Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2000). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claims asserted. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985). Further, the court need not ignore facts set forth in the complaint that undermine plaintiffs' claim, nor is the court required to accept the plaintiffs' legal conclusion. *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 724 (7th Cir. 1986).

B.  **Eleventh Amendment**

Sheahan contends that any claims brought against him in his official capacity as the Sheriff of Cook County are barred under the Eleventh Amendment. Specifically, Sheahan claims that, in executing a state order for forcible entry, he was acting as an arm of the Illinois state judicial system. Plaintiffs, on the other hand, contend that, in removing some – but not all – of plaintiffs' personal property from the unit, the sheriff's deputies became agents of the Association and acted outside their authority.

Eleventh Amendment issues arise whenever a private party files a federal lawsuit against a state or a state official. *Kroll v. Bd. of Trustees of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991). The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State." U.S. CONST. amend. XI. Under the Eleventh Amendment, each state remains a sovereign entity and may not be sued by any individual without that state's consent. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).

Federal district courts lack original subject matter jurisdiction over claims barred by the Eleventh Amendment. *Porter v. Illinois*, 36 F.3d 684, 691 (7th Cir. 1994) (holding that an action brought against the state officials in their official capacities was not properly removed to federal court because the district court lacked jurisdiction). Specifically, the Eleventh Amendment bars federal courts from exercising jurisdiction over actions brought by a citizen against a state, state agency, or state official. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1993) (citing *Papasan*

5

*v. Allain*, 478 U.S. 265, 276 (1986)). All suits brought against a state or its officials are barred by the Eleventh Amendment unless the state consents to suit in federal court or Congress abrogates the state's immunity. *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)). When an action is brought against a state official in his or her official capacity, such suits are deemed to be "against the entity of which an officer is an agent." *Kroll*, 934 F.2d at 907 (internal quotations omitted). Thus, official-capacity suits which seek damages or retroactive relief generally are barred by the Eleventh Amendment. *Kroll*, 934 F.2d at 907.

In the present case, plaintiffs have brought suit against Sheahan in his official capacity, which is actually an action against the entity. *Id.* Generally, in Illinois the Sheriff is considered a county, not a state, official and would not be immune under the Eleventh Amendment. However, the Seventh Circuit has ruled that where a county officer is acting as an agent of the state, Eleventh Amendment immunity extends to sheriffs. *Scott*, 975 F.2d at 370-71. Specifically, the Seventh Circuit held that:

> The county sheriff acts as an arm of the Illinois state judicial system in executing Writs of Assistance and other state court orders. When fulfilling this statutory duty, the sheriff and his deputies must be deemed state officials for the purposes of Eleventh Amendment immunity.

*Id.* at 371. Thus, when a sheriff or his deputies are executing a state judicial order for forcible entry, such actions render them state agents for the limited purpose of that action. *Id.* Moreover, Illinois courts have held that "the sheriff acts as an arm of the State of Illinois when executing court orders for possession." *Alencastro v. Sheahan*, 698 N.E.2d 1095, 1099 (Ill. App. Ct. 1998)

(rejecting plaintiff's limitation argument and finding that the Sheriff had no final policymaking authority over the eviction process).

In *Scott*, like the present case, a state court entered a judgment of foreclosure against the plaintiff. A court order was issued ordering the removal of persons and personal property. Deputies accompanied agents from the bank and – at the direction of the bank's agents – forcibly evicted the plaintiffs, throwing their belongings into the street. *Id.* at 368. The Seventh Circuit found that plaintiffs' claims against the Sheriff were barred by the Eleventh Amendment. *Id.* at 370-72. Specifically, the Seventh Circuit found that the Illinois state courts have the power to enter such orders of foreclosure pursuant to the Illinois Mortgage Foreclosure Law, 735 ILL. COMP. STAT. 5/15-1701 *et seq. Scott*, 975 F.2d at 371. Further, the Seventh Circuit found that the Sheriff is obligated under Illinois statute to execute such orders. *Id.* Accordingly, the court in *Scott* held that, in executing orders for possession, the Sheriff acts as an arm of the state court and, thus, claims against the Sheriff for actions arising out of the execution of those orders are barred by the Eleventh Amendment.

Further, in *Rembert v. Sheahan*, No. 92 C 0067, 1992 WL 253185, at *1-2 (N.D. Ill. Sept. 29, 1992), orders of possession were issued by the state court against the plaintiff. Pursuant to those orders, sheriff deputies evicted plaintiffs from their apartments, "removing personal property from the units and placing it on the street." In *Rembert*, the court adopted the reasoning in *Scott* and found that the "Sheriff acts more as an agent of the state than of the county when he performs duties imposed on him by a state law such as IMFL [Illinois Mortgage

7

Foreclosure Law]." *Rembert*, 1992 WL 253185, at *1-2 (dismissing plaintiff's claims against the Sheriff as barred by the Eleventh Amendment).

This court finds that *Scott* is binding precedent in the present case and adopts the holding of *Scott* and its progeny. Thus, the court finds that the Sheriff acts as an arm of the state judiciary in executing state court orders for possession. Accordingly, Eleventh Amendment immunity extends to Sheahan – in his official capacity – when he executes such state court orders. This, however, does not end the court's inquiry.

In their complaint, plaintiffs allege that Sheahan and his deputies acted outside the scope of their authority by removing portions of the personal property. When state employees act outside the scope of their authority, the immunity provided to the state and its officials by the Eleventh Amendment is lifted. *Fox v. James B. Beam Distilling Co.*, No. IP 73-C-79, 1974 WL 955, at *3 (S.D. Ind. Sept. 25, 1974) (holding that officers acting contrary to rules or statutes can no longer be acting for the state). However, to bring an action against a state or its officials, a plaintiff must allege that such officials acted outside the scope of authority or contrary to the law; allegations of negligence in performance of duties do not lift Eleventh Amendment immunity. *Harvis v. Bd. of Trustees of the Univ. of Ill.*, 744 F. Supp. 825, 831 (N.D. Ill. 1990). *Cf. Ruehman v. Vill. of Palos Park*, 842 F. Supp. 1043, 1049 (N.D. Ill. 1993) (holding that "[i]f the Sheriff's alleged misconduct was merely the enforcement of a warrant," then Eleventh Amendment immunity would bar suit, and distinguishing actions of Sheriffs in failing to maintain records of warrants from actions pertaining to the executions of such warrants).

In the present case, it is not disputed that the order for possession was valid – giving the right of possession to the Association – and that plaintiffs had notice of that order. However, plaintiffs allege that the sheriff's deputies acted outside their authority in executing the order for possession. Specifically, plaintiffs allege that, in removing some – not all – of the property from the unit, the deputies went beyond the scope of the state court order by using their discretion in the execution of the order. The court disagrees.

First, the plaintiffs have done little more than allege that the deputies were negligent in removing certain personal property and then failing to secure that property. While plaintiffs do allege that the deputies went outside their authority, that is nothing more than a legal conclusion which the court is not obligated to accept. *See Am. Nurses' Ass'n*, 783 F.2d at 724. Further, plaintiffs have failed to allege how Sheahan's actions – as Sheriff of Cook County – were contrary to Illinois law.

Second, the court finds that – in removing personal property from the unit – Sheahan and/or his deputies were not acting outside the scope of their authority. "During an eviction, it is reasonable to remove all the personal property on the premises." *Skolnick v. Doria*, No. 93 C 7037, 1994 WL 445088, at *3 (N.D. Ill. Aug. 16, 1994) (finding that removal of property during an eviction was not an unlawful seizure). Further, other courts have found that "[i]t is reasonable to assume in executing an eviction order, a deputy sheriff would need ... to determine what, if any, personal property of the people to be evicted, must be removed from the real estate." *Ryan v. Mary Immaculate Queen Ctr.*, No. 95 C 3021, 1996 WL 420233, at *3 (N.D. Ill. July 22, 1996) (finding that deputies did not violate plaintiffs' constitutional rights by

entering various areas of the house during an eviction). Also, under the Illinois Mortgage Foreclosure Act, the right to possession means the right to physical possession of the real estate to the same extent that the evicted persons would have been entitled to physical possession. 735 ILL. COMP. STAT. 5/15-1701(a). In other words, if under the state's foreclosure law, plaintiffs were entitled to inhabit or lease out the unit, so too was the Association.

In *Whitney v. Cook County Sheriff's Dept.*, No. 92 C 1176, 1993 WL 389341 (N.D. Ill. Sept. 30, 1993), the plaintiff sought monetary damages for the loss of personal property. In that case, the deputies were acting on a state court order for possession; notice was given to plaintiff on July 18, 2000; the sheriff executed the eviction order on August 7, 2000, removing plaintiff and throwing his personal property out onto the street. The court held that "as long as the eviction was carried out lawfully, the deputy sheriff is immune under the Eleventh Amendment." *Id.*, at *3. In that case, the court found that the deputy sheriff executed a lawful eviction and "properly followed requisite procedures" even though plaintiff's belongings were put on the street.[1] *Id. See also Eddins v. Countrywide Funding Corp.*, No. 91 C 2830, 1991 WL 247710, at *1-2 (N.D. Ill. Nov. 12, 1991) (acknowledging that, during the course of evicting plaintiffs from the residence, sheriff deputies were directed to remove personal belongings and deposit them in the street).

---

[1]The court further noted that if the eviction was conducted in an unlawful manner, then the plaintiff may have had an action against the deputies in their *individual* capacities, not against the sheriff in his official capacity. *Whitney*, 1993 WL 389341, at *3. Here, plaintiffs are not suing the individual deputies.

10

Similarly, in this case, plaintiff Campbell took part in the state court proceedings and received notice of the eviction. Moreover, Campbell got an extension for the execution of the order for several months – and, in fact, the order of possession was not executed for over three months after the stay. Plaintiffs had several months to remove their belongings; they failed to do so. According to the order, the Association had the right to possession of the unit. Sheahan's deputies arrived to execute the order, and it is reasonable to assume that the deputies would have to remove the personal property from the unit in order to effectuate possession. While plaintiffs argue that the deputies and Sheahan owed some special duty with respect to the property when they removed it and placed it on the street with the knowledge that pedestrians were gaping, plaintiffs cite no basis in law for this special duty. On the other hand, under Illinois law, Sheahan had the duty to execute the state court order for possession. *See Scott*, 975 F.2d at 370-71 (holding that the sheriff is bound under Illinois statute to execute state orders).[2] Thus, the court finds that the deputies executed a lawful eviction. More importantly, Sheahan's actions in sending deputies to execute the order for possession were not outside his authority.

In sum, the court finds that Sheahan did not exceed his authority when his deputies removed the property so as to deliver possession of the unit to the Association; in fact, it was reasonable to assume that the deputies would remove whatever property that was left by

---

[2]An argument that the deputies were aware of the gapers but did nothing to protect the property is more properly brought as a claim against the deputies in their individual capacities. *See Whitney*, 1993 WL 389341, at *3 (finding that a claim that an eviction was carried out in an unlawful manner is properly brought as a claim against the deputy in his or her individual capacity). Again, in the present case, plaintiffs have not sued the individual deputies.

11

plaintiffs in the unit when the order was executed. Because the court also finds that Sheahan was an arm of the state court in executing the order, the present case seeks to bring a claim against the State of Illinois. Such claims are barred by the Eleventh Amendment. Therefore, this court lacks original subject matter jurisdiction over plaintiffs' claims against Sheahan. Accordingly, the court grants Sheahan's motion to dismiss.

## C. **Court of Claims**

Even if this court did not find that it lacked original subject matter jurisdiction because of the Eleventh Amendment, the present state law claims still must be brought in the state court. The Illinois legislature enacted the Illinois Court of Claims Act, 705 ILL. COMP. STAT. 505/8 *et seq.*, which provides for sovereign immunity for the actions brought against the state or its officials unless such a suit is filed in the Illinois Court of Claims. *Wells v. Vincennes Univ.*, 982 F.2d 1147, 1151 (7th Cir. 1993).[3] Any state law remedy which may be available to plaintiffs must come in a state court action. *See Feldman v. Ho*, 171 F.3d 494, 498 (7th Cir. 1999) (finding that, because of the Eleventh Amendment, the plaintiff's claims against the state could not be brought in federal court, and entering judgment against plaintiff without prejudice so that he might file suit in Illinois Court of Claims); *see also Magdziak v. Byrd*, 96 F.3d 1045, 1048-49 (7th Cir. 1996) (holding that tort actions brought against a state actor must be brought in the Illinois Court of Claims, and the district court's dismissal of such claims was proper).

---

[3] In creating this statute, which confines damages suits to a particular court, Illinois did not waive its Eleventh Amendment immunity to suit in federal court. *Osteen v. Henley*, 13 F.3d 221, 224 (7th Cir. 1993) (citations omitted).

In the present case, plaintiffs argue that this action is not brought against a state official because the deputies acted outside the scope of their authority in removing the property, and, therefore, it is not a claim against the state. As such, plaintiffs argue, the present case does not belong in the Court of Claims. The court disagrees. As stated above, the court finds that the deputies were executing an order of possession and, accordingly, were functioning as an arm of the state courts. *See supra* Sect. II.B. Thus, the present case is an action brought against the state, and any remedy the plaintiffs seek must be brought in the state courts. Accordingly, the court grants Sheahan's motion to dismiss.

The court's determination that Sheahan is not subject to suit in federal court renders consideration of his additional reasons for dismissal unnecessary.

### III. CONCLUSION

For the foregoing reasons, the court grants defendant's motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Date: **JUN 07 2001**

James H. Alesia
United States District Judge